■ SEAMAN-ANDWELL CORPORATION v. WRIGHT MACHINE CORPORATION et al. — Motion for reargument granted and upon reargument the matter is referred to Special Term for a hearing upon the reasonableness of plaintiff's costs of collection and attorneys' fees. Concur — Stevens, P. J., Eager, Steuer and Capozzoli, JJ.

## (January 30, 1969)

■ In the Matter of COMMONWEALTH ABSTRACT COMPANY, INC., Appellants, v. COMMONWEALTH LAND TITLE INSURANCE COMPANY OF NEW YORK, Respondent.— Order entered June 17, 1968, unanimously affirmed, without costs and without disbursements. If plaintiffs believe they have any other remedy, this determination is without prejudice to their right to pursue same. Concur — Eager, J. P., Capozzoli, Markewich, Rabin and Macken, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. VICTOR SANCHEZ.— Motion to relieve counsel denied with leave to renew upon conforming to the requirements as set forth in *Anders* v. *California* (386 U. S. 738 [1967]). Concur — Stevens, P. J., Eager, Markewich, Nunez and Steuer JJ.

## SECOND DEPARTMENT, JANUARY, 1969

## (January 13, 1969)

■ LESTER J. BESEN, Respondent, v. C. P. L. YACHT SALES, INC., et al., Appellants.— In an action to rescind the sale of a motorboat and to recover damages, defendants appeal from so much of an order of the Supreme Court, Westchester County, entered May 20, 1968, as (1) in granting their motion to take the deposition of a witness limited the deposition to the issues raised by the pleadings and (2) granted plaintiff's cross motion to continue the deposition of defendant C. P. L. Yacht Sales, Inc., by its service manager, Charles Smith. Order modified, on the law and the facts, by striking from the last ordering paragraph thereof the words "be strictly limited to the issues raised by the pleadings" and by substituting in place thereof the words "be limited to matters which are material and necessary in the defense of the action." As so modified, order affirmed insofar as appealed from, without costs. In our opinion it was an improvident exercise of discretion to limit the examination of the witness Parker to the issues raised by the pleadings (CPLR 3101, subd. [a]; *Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403). Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.